FILED ✓ _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 2 5 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY T. NELSON,

    Petitioner,

vs.

E.K. McDANIEL, *et al.*,

    Respondents.

3:09-cv-00742-RCJ-VPC

ORDER

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss. (ECF No. 7).

I. Procedural History

On December 8, 2004, petitioner and his co-defendant were charged with the following: Count 1, conspiracy to commit robbery; Count 2, robbery with the use of a deadly weapon; and Count 3, failure to stop on signal of police officer. (Exhibit 2).[1] On March 21, 2005, the State filed an amended information against petitioner, adding a habitual criminal enhancement on all three counts. (Exhibit 9). Petitioner was found guilty, by a jury verdict, of Counts 1-3. (Exhibit 18).

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 9-12.

1  On October 26, 2005, the court adjudged petitioner to be a large habitual criminal as to Count 2. (Exhibit 23). Petitioner was sentenced as follows: Count 1, conspiracy to commit robbery, 60-90 months; Count 2, robbery with the use of a deadly weapon, life with the possibility of parole after 120 months; and Count 3, failing to stop on signal of police officer, 60-190 months, all counts to run concurrent to one another. (Exhibit 23). A judgment of conviction was filed on November 4, 2005. (Exhibit 24).

Petitioner appealed the conviction to the Nevada Supreme Court. (Exhibit 25). Petitioner's opening brief was filed on August 23, 2006. (Exhibit 35). On November 8, 2007, the Nevada Supreme Court affirmed the conviction. (Exhibit 40). Petitioner filed a notice for rehearing, which the Court denied. (Exhibits 41 & 42). Remittitur issued on March 21, 2008. (Exhibit 43).

On January 22, 2009, petitioner filed a post-conviction habeas petition in state district court. (Exhibits 46 & 47). On March 24, 2009, the state district court, ruling from the bench, denied the petition. (Exhibit 1). On April 9, 2009, the state district court filed a written denial of the petition. (Exhibit 51). Petitioner appealed the denial of his state habeas petition. (Exhibit 53). On October 7, 2009, the Nevada Supreme Court affirmed the dismissal of the petition. (Exhibit 56). Petitioner filed a notice for rehearing, which the Court denied. (Exhibits 57 & 58). Remittitur issued on December 1, 2009. (Exhibit 59).

On December 15, 2009, petitioner signed his federal habeas petition, which this Court received on December 17, 2009. (ECF No. 1 & 5). The federal petition contains six grounds for relief. (*Id.*). Respondents have moved to dismiss the petition. (ECF No. 7). Petitioner filed an opposition to the motion. (ECF No. 14). Respondents filed a reply. (ECF No.15).

**II. Discussion**

**A. Exhaustion Standard**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28

U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

3

### B. Application to the Instant Petition

#### Ground 1

In Ground 1 of the federal petition, petitioner claims that his Sixth, Fifth, and Fourteenth Amendment rights were violated when the trial court forced him to wear shackles during trial, but his co-defendant was not in shackles. (ECF No. 5, at pp. 3-4). Petitioner raised this same claim in his opening brief on direct appeal. (Exhibit 35, at pp. 11-13). Specifically, petitioner argued that "although Anthony [petitioner] was shackled and in chains, his co-defendant remained unchained during jury selection, thereby giving the jury the illusion that Anthony was more dangerous than the co-defendant." (Exhibit 35, at p. 11). Petitioner also presented this claim in his state habeas petition. (Exhibit 47, at pp. 6-8). A claim is unexhausted if it includes new factual allegations which were not presented to the state courts, where the new facts "fundamentally alter the legal claim already considered by the state courts." *Chacon v. Wood,* 36 F.3d 1459, 1468 (9th Cir. 1994) (quoting *Vasquez v. Hillery,* 474 U.S. 254, 260 (1986)). Contrary to respondents' argument, the facts alleged in Ground 1 of the federal petition do not present new facts that would "fundamentally alter the legal claim already considered by the state courts." *Chacon v. Wood,* 36 F.3d at 1468. Petitioner presented to the Nevada Supreme Court the same claim he asserts in his federal habeas petition. Ground 1 of the federal habeas petition is exhausted and may proceed.

#### Ground 2

In Ground 2 of the federal petition, petitioner claims that his Sixth and Fourteenth Amendment rights were violated when the trial court refused to exclude or instruct Juror #7, who defense counsel observed gazing down at petitioner's leg restraint. (ECF No. 5, at p. 7). Petitioner raised this claim first on direct appeal, in his opening brief. (Exhibit 35, at pp. 11-13). In the opening brief filed with the Nevada Supreme Court, petitioner argued that: "Prior to jury selection, Anthony [petitioner] objected to being placed in leg bracelets and chains .... The following day, Anthony renewed his objection, asking for mistrial because defense counsel observed Juror No. 7,

4

1  Hamilton, gazing down at Anthony's chains during jury selection the previous day." Exhibit 35, at
2  p. 11). Petitioner's opening brief further asserted that "the court created reversible error by failing to
3  conduct an adequate hearing before taking the extreme measures of shackling Anthony, by failing to
4  question or remove Juror No. 7 and failing to grant the motion for a mistrial." (Exhibit 35, at p. 13).
5  Petitioner again raised this claim in his state habeas petition. (Exhibit 47, at p. 8). Petitioner
6  presented to the Nevada Supreme Court the same claim he asserts in his federal habeas petition.
7  Ground 2 of the federal habeas petition is exhausted and may proceed.

**Ground 3**

Petitioner alleges that his due process rights were violated because the jury instructions he submitted at trial were rejected by the trial judge. Petitioner asserts that this caused him to be convicted of both conspiracy to commit robbery and robbery with a deadly weapon. (ECF No. 5, at pp. 9-12). Petitioner presented the same claim in his opening brief on direct appeal. (Exhibit 35, at pp. 26-27). Petitioner again raised this claim in his state habeas petition. (Exhibit 47, at pp. 4-6). Contrary to respondents' argument, the facts alleged in Ground 3 of the federal petition do not present new facts that would "fundamentally alter the legal claim already considered by the state courts." *Chacon v. Wood*, 36 F.3d at 1468. Petitioner presented to the Nevada Supreme Court the same claim he asserts in the federal habeas petition, and as such, Ground 3 is exhausted.

Respondents also argue that Ground 3, which challenges jury instructions given at trial, is a state law issue and is not subject to federal habeas review. Respondents are incorrect. Issues relating to jury instructions are cognizable in federal habeas corpus if they infect the entire trial to establish a violation of due process. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). Ground 3 states a cognizable federal habeas claim and may proceed.

/////////
////////

**Ground 4**

In Ground 4 of the federal petition, petitioner alleges that his rights to due process and right against cruel and unusual punishment were violated when he was sentenced to a higher sentence than authorized by statute. (ECF No. 5, at pp. 14-15). Petitioner raised this same ground in his opening brief on direct appeal (Exhibit 35, at pp. 27-30), and in his state habeas petition (Exhibit 47, at pp. 2-4). From a fair reading of the opening brief on direct appeal, it is clear that petitioner did allege a violation of federal constitutional rights. Such a claim is cognizable in federal habeas law. Ground 4 of the federal petition may proceed.

**Ground 5**

Petitioner claims violation of his due process rights and his Sixth Amendment right to be informed in writing of the offenses and elements charged, when the State provided insufficient notice of what acts it intended to prove for the "endangering" element of the failure to stop on signal of a police officer charge (NRS 484.348). Petitioner further claims that the "endangering" element of the failure to stop on signal of a police officer charge is unconstitutionally vague. (ECF No. 5, at pp. 17-18). Petitioner raised this exact same claim in his opening brief on direct appeal (Exhibit 35, at pp. 20-26) and in his state habeas petition (Exhibit 47, at pp 8-11). In the opening brief on direct appeal, petitioner cited Nevada case law, case law of other jurisdictions (states), and also cited to federal case law. (Exhibit 35, at pp. 20-26). A petitioner makes the federal basis of his claim explicit by referencing specific provisions of the federal constitution or statutes, or by citing to federal case law. *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000). Moreover, while a petitioner must explicitly reference federal law in state court, exhaustion is satisfied once the petitioner makes an explicit reference, even if petitioner relies predominantly on state law in his state court brief. *See Jones v. Smith*, 231 F.3d 1227, 1231 (9th Cir. 2000). Additionally, in the instant case, the Nevada Supreme Court's opinion cited the same federal case law that was cited by petitioner, including *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). This Court is satisfied that

petitioner exhausted Ground 5 of the federal petition by presenting it to the Nevada Supreme Court. The Court further finds that Ground 5 states a cognizable federal constitutional claim. Ground 5 of the petition may proceed.

### Ground 6

In Ground 6, petitioner claims a denial of equal protection, based on the fact that the Nevada Supreme Court denied him relief, but granted relief in an earlier case involving an identical proposed jury instruction. (ECF No. 5, at p. 20). Petitioner raised this ground in his petition for rehearing from the denial of the appeal of his state habeas petition. (Exhibit 57).

A claim raised for the first time on discretionary review to the state's highest court and denied without comment is not exhausted. *Casey v. Moore*, 386 F.3d 896, 917 (9th Cir. 2004) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). In this case, petitioner presented the claim in Ground 6 to the Nevada Supreme Court only by way of a petition for rehearing. (Exhibit 57). Rehearing by the Nevada Supreme Court is discretionary and under the court's own rules, may not be used to exhaust state remedies. Rule 40(a)(3), Nevada Rules of Appellate Procedure. As such, this Court finds Ground 6 to be unexhausted.

The Court may dismiss a claim on the merits, notwithstanding a petitioner's failure to fully exhaust state judicial remedies. 28 U.S.C. § 2254(b)(2); *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005); *see also Gatlin v. Maddling*, 189 F.3d 882, 889 (9th Cir. 1999). Petitioner claims a denial of equal protection, based on the fact that the Nevada Supreme Court denied him relief, but granted relief in an earlier case involving an identical proposed jury instruction. Petitioner's claim, at most, amounts to an allegation that Nevada law was misapplied or that the Nevada Supreme Court departed from an earlier decision. Under clearly established United States Supreme Court law, such contention fails to give rise to an equal protection claim and fails to provide a basis for federal habeas relief. *See Beck v. Washington*, 369 U.S. 541, 554-55 (1962); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68. Petitioner cannot establish an equal protection claim simply because the Nevada

Supreme Court departed from its past precedent or decision. The Court dismisses Ground 6 as non-cognizable in federal habeas law.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**: Grounds 1-5 of the petition are exhausted and may proceed. Ground 6 is **DISMISSED** for failure to state a cognizable habeas claim.

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AN ANSWER** to Grounds 1-5 of the petition within **thirty (30) days** from the entry of this order. The answer shall include substantive arguments on the merits as to Grounds 1-5 of the petition. **No further motions to dismiss will be entertained**. In filing the answer, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner may file his reply to the answer, if any, no later than **thirty (30) days** after being served with the answer.

Dated this 25th day of February, 2011.

_____
UNITED STATES DISTRICT JUDGE